**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BP PRODUCTS NORTH AMERICA, INC.**,

      Plaintiff,

vs.                                                                                    CASE NO: 8:07-cv-1893-T30-MAP

**GIANT OIL, INC.**, a Florida Corporation;
**GIANT JACKSONVILLE, LLC,** a Florida
Limited Liability Company; and **BASEM ALI,**
an Individual,

      Defendants.

_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and

Combined Memorandum of Law (Dkt. 7), and Plaintiff BP's Memorandum in Opposition

to Defendant's Motion to Dismiss (Dkt. 8).  The Court, having considered the motion,

memorandum, complaint, and being otherwise advised in the premises, concludes that

Defendants' Motion to Dismiss should be denied.

## BACKGROUND

On September 9, 2005, BP Products of North America, Inc. (hereinafter referred to

as "BP" or "Plaintiff") and Giant Oil., Inc., a Florida Corporation ("Giant Oil") created a

franchise relationship through a Branded Jobber Contract ("2005 Jobber Contract") for the

purchase and sale of BP's petroleum products by Giant Oil.  The 2005 Jobber Contract

includes an indemnification provision at ¶ 14 which provides as follows[1]:

> Jobber agrees to indemnify, defend and hold Company, including but not limited to Company's parents, subsidiaries, affiliates and all officers, directors, shareholders, employees and agents of Company, its parents, subsidiaries and affiliates, harmless from and against all losses, suits, claims, damages (consequential or otherwise), demands, causes of action, liabilities, fines, penalties, costs or expenses (including reasonable attorney's fees and other costs of defense) of whatever kind and nature directly or indirectly arising in whole or in part out of: . . . (c) any act of commission or omission at an Approved Retail Site; . . . (e) any allegation of agency or other alleged legal relationship by which Company is being held or might be held responsible for the acts or omissions of Jobber or its Jobber-Marketers; . . . (k) or any other act or omission of Jobber, its Jobber-Marketers, any other customers of Jobber, or any of Jobber's - or a Jobber-Marketer's - agents, employees, contractors, invitees, licensees, or business associates, except such as may be due to the negligence of Company.  Notwithstanding the above, Jobber agrees that the defense obligation included in this paragraph 14 will be immediate and ongoing, regardless of any ultimate allocation of negligence or other form of liability.

On or about February 9, 2005, Fadi Omar Abukhdair was shot and killed while working at a Giant Oil owned gasoline service station at 835 West Memorial Boulevard, Lakeland, Polk County, Florida.  Two years later, in February 2007, Donna Jaber, Personal Representative of the Estate of Fadi Omar Abukhdair, filed suit in the Thirteenth Judicial Circuit in Hillsborough County, Florida (Case No. 07-001394) ("Underlying State Action") for wrongful death.  BP was named as a defendant in the action.

### Plaintiff's Allegations

BP alleges that pursuant to the 2005 Jobber Contract, Giant Oil agreed to indemnify, defend, and hold BP harmless from and against all losses, suits, claims, and damages arising

---

[1] The 2005 Jobber Contract refers to Giant Oil as "Jobber" and BP as "Company."

out of any act of commission or omission at any gasoline station covered by the 2005 Jobber Contract. BP has brought the following claims against Giant Oil: Count I - Breach of contract for failure to defend BP in the Underlying State Action; Count II - Breach of contract for failure to indemnify BP; and Count III - Breach of contract for failure to procure appropriate insurance. BP also contends in Counts IV and V that Giant Jacksonville, LLC ("Giant Jax") and Basem Ali ("Ali") have breached their guaranty obligations.

Giant Oil, Giant Jax and Ali (collectively, the "Defendants") seek dismissal of all counts pursuant to Rule 12(b)(6) for failure to state a cause of action upon which relief may be granted.

## 12(b)(6) Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs.,*

*Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1959.

## DISCUSSION

I.     **Contractual Duties.**

Defendants argue that Plaintiff's Complaint fails to state a cause of action since the 2005 Jobber Contract attached to Plaintiff's Complaint was executed by the parties on September 9, 2005 (seven months after Abukhdair's death).  In response, BP argues that the 2005 Jobber Contract was in effect when the Underlying State Action was filed; and therefore, Defendants have a contractual duty to defend and indemnify BP.  Additionally, BP argues that an ongoing contractual relationship has been maintained between BP and Giant Oil since at least September 9, 2002.  In support of this assertion, BP has attached a substantially similar Jobber Contract entered into between BP and Giant Oil (the "2002 Jobber Contract").[2]

The relevant portion of the indemnity provision of the 2005 Jobber Contract states that Giant Oil "agrees to indemnify, defend and hold [BP] . . . harmless from and against all . . . . suits, claims . . . causes of action . . . of whatever kind and nature."[3]  The 2002 Jobber

---

[2]See Dkt. 8, Ex. 1.

[3]Dkt. 1, Ex. A at 9: 2005 Jobber Contract, Paragraph 14.

Contract includes an identical indemnity provision.[4]

The Court acknowledges that the duty to indemnify more properly arises from the 2002 Jobber Contract.  However, the duty to indemnify in the underlying state action may also have arisen under the 2005 Jobber Contract which assigns Giant Oil the responsibility to indemnify BP based on "any allegation of agency or other alleged legal relationship by which Company is being held or might be held responsible for the acts or omissions of Jobber."  BP asserts that it was sued because of its "vicarious relationship" with Giant Oil (See Complaint at ¶12).  This is an "allegation of agency or other alleged legal relationship."  Therefore, the Motion to Dismiss is denied.  The Court will deem the Complaint amended to include the 2002 Jobber Contract.  The Defendant has 20 days to respond.

## II.   **Whether Indemnity Action is Premature.**

Defendants also contend that the Complaint should be dismissed as premature because Plaintiff has not yet paid damages in the Underlying State Action.  Defendants rely on *Scott & Jobalia Construction Co., Inc. v. Halifax Paving, Inc.*, 538 So.2d 76 (5th DCA 1989) to suggest that indemnity actions can not be filed until judgment has been entered against an indemnitee, and the indemnitee has paid damages.  However, the court in *Scott & Jobalia Construction Co.* contemplated a common law indemnity action rather than a contractual indemnity action.  Contrary to Defendants' contention, contractual indemnity actions can be filed prior to judgment in the underlying case.  *See Ranger Construction Industries, Inc. v.*

---

[4]Dkt. 8, Ex. 8-2: 2002 Jobber Contract.

*Martin Companies of Daytona, Inc.*, 881 So.2d 677, 681 (Fla. 5th DCA 2004); *Chappell v. Scarborough*, 224 So.2d 791, 796 (Fla. 1st DCA 1969).  Furthermore, Plaintiff has timely raised additional breach of contract claims relating to Giant Oil's duty to defend and procure insurance, as well as breach of guaranty obligations by Giant Jax and Ali.  Courts have the authority to grant a stay of indemnity proceedings pending final judgment in a related state court action.  *See Prudential Prop. and Casualty Ins. Co. v. Calvo*, 700 F.Supp. 1104, 1105 (S.D. Fla. 1988).  Therefore, the Court concludes that BP's indemnity action was not filed prematurely.

For these reasons, the Court denies Defendants' motion to dismiss.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Dismiss, and Combined Memorandum of Law in Support (Dkt. 7) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on April 2, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1893.mot dismiss 7.wpd